**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**(HOUSTON DIVISION)**

| | | |
|---|---|---|
| DEVAN XAVIER PLUMMER and STACEY ROCHELLE VAUGHN,<br><br>Plaintiffs,<br><br>v.<br><br>CONSUMER PORTFOLIO SERVICES, INC.; GEICO TEXAS COUNTY MUTUAL INSURANCE COMPANY; TIFFANY SMITH; DANIELLE SAUNDERS; DANIEL STAPP, CLASSIC COLLISION, LLC, DAVID MILLIGAN, ASHLEY DILLARD a/k/a ASHLEY MILLER; CCC INTELLIGENT SOLUTIONS INC.; and MARGARITA CASTRO,<br><br>Defendants. | ) | Case No. 4:26-cv-6699 |

**DEFENDANTS CONSUMER PORTFOLIO SERVICES, INC.'S AND MARGARITA CASTRO'S REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO <u>PLAINTIFFS' AMENDED PETITION</u>**

Defendants Consumer Portfolio Services, Inc. ("CPS") and Margarita Castro ("Ms. Castro") (collectively, the "CPS Defendants"), by counsel, respectfully submit this Reply Brief in support of their Motion for Extension of Time to Respond to Plaintiffs' Amended Petition ("Motion"). (ECF No. 15).

## <u>INTRODUCTION</u>

On September 11, 2026, the CPS Defendants submitted the Motion after filing their Motion to Compel Arbitration and responding to Plaintiffs' Motion to Remand. (ECF Nos. 8-9, 15.) The Motion requests that the Court extend the CPS Defendants' deadline to respond to Plaintiffs' Amended Petition until 21 days after the disposition of the pending Motion to Remand and Motion to Compel Arbitration. (*See* ECF No. 15.) In their Response in

Opposition to the Motion ("Response"), Plaintiffs contend that (1) the CPS Defendants request a deadline with no date certain; (2) the CPS Defendants' deadline to respond expired; (3) CPS's past case and the volume of CPS's cases nationwide somehow mean that CPS should be required to answer by a date certain; and (4) "the delay is not costless." (*See* ECF 24.) All of these arguments are unavailing, and the CPS Defendants' Motion should be granted.

## ARGUMENT

### A. The requested extension of time is proper.

Plaintiffs contend that the Motion does not request a true extension of time because it ties the answer deadline to the Court's ruling on pending motions rather than to a specific calendar date. (*Id.* at 1.) However, courts routinely stay or extend procedural deadlines pending resolution of motions to compel arbitration.[1] Requiring the CPS Defendants to prepare and file an answer addressing claims that may be sent to arbitration (or a different court) would waste the resources of the parties and the Court.

### B. The CPS Defendants are not in default.

Plaintiffs additionally argue that the CPS Defendants' deadline to respond to the Amended Petition expired on August 21, 2026. (ECF No. 24, at 1.) This is patently incorrect. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the CPS Defendants' deadline to file a responsive pleading was 21 days after August 14, 2026, as they had not been served prior to filing the Notice of Removal. As such, the CPS Defendants' deadline to

---

[1] *See, e.g.*, *San Diego v. Blockratize*, Inc., No. 26-CV-00973 (MMG), 2026 WL 1707103, at *1 (S.D.N.Y. June 12, 2026) (extending deadline to answer complaint "until thirty (30) days after the Court resolves the motion to compel arbitration"); *see also Hyde v. 316 Towing & Rd. Serv., Inc.*, No. 2:22-CV-103-RWS, 2024 WL 6874519, at *2 (N.D. Ga. Apr. 15, 2024) (extending case deadlines to "thirty (30) days [from] the Court's anticipated order resolving Defendants' forthcoming motion to compel arbitration").

file a responsive pleading was September 4, 2026. On this day, in lieu of filing an answer, the CPS Defendants filed their Motion to Compel Arbitration, requesting that the Court compel arbitration and stay Plaintiffs' claims against them pending completion of arbitration. (ECF No. 8.) This is proper and within the discretion of the Court to consider.[2] Nonetheless, and to the extent the Motion to Compel Arbitration did not automatically toll their deadline, the CPS Defendants promptly filed a Motion for Extension of Time. (ECF No. 15.)

**C. Plaintiffs' reliance on other cases or CPS's volume of cases is irrelevant.**

In their Opposition, Plaintiffs rely on a certain past case, *Sampson v. Consumer Portfolio Services, Inc.*, *et al.*, No. 4:26-cv-03206 (S.D. Tex.), to somehow argue that this Court should set a date certain for the CPS Defendants to respond to Plaintiffs' Amended Petition. (*See* ECF No. 24, at 2.) However, as Plaintiffs acknowledge, "CPS never moved to compel arbitration" in *Sampson*, so it is inapplicable here where there is a pending Motion to Compel Arbitration (and a Motion to Remand) that may render the CPS Defendants' responsive pleading in this Court unnecessary. (*See* ECF Nos. 5, 8.) Similarly, the "volume" of cases in which CPS is involved in nationwide does not reflect the factual and legal circumstances of this specific case, and accordingly, has no bearing on the merits of the

[2] *See, e.g.*, *Carlisle v. CitiMortgage, Inc.*, No. 4:06-CV-677 CAS, 2007 WL 2121064, at *1 (E.D. Mo. July 24, 2007) ("Although the issue of whether a motion to compel arbitration stays the time in which a defendant is required to answer a complaint is not expressly addressed in the case law cited by defendant, courts have allowed defendants to file such motions instead of answering a complaint."); *see also Hodge v. NAPA Genuine Auto Parts*, No. CV-25-02242-PHX-JAT, 2026 WL 764679, at *2 (D. Ariz. Mar. 18, 2026) ("Although a motion to stay proceedings pending arbitration 'is not expressly included in the list of defenses that extend the amount of time necessary to file an answer to a complaint,' the district court has authority to hear a motion to stay in lieu of an answer.") (citing *Romo v. State Farm Fire & Cas. Ins. Co.*, No. CV-24-00544-TUC-RM, 2025 WL 1380476, at *1) (D. Ariz. May 13, 2025) and *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) (compiling cases where district courts permitted a party to file a motion to stay in lieu of an answer)).

Motion.

**D. Plaintiffs do not identify how the requested extension of time is prejudicial.**

Finally, Plaintiffs allege that the "delay is not costless," but fail to connect the CPS Defendants' request for an extension to any actual prejudice. (*See* ECF No. 24, at 3.) As Plaintiffs tacitly acknowledge in their Response, no discovery deadlines have been set, no scheduling order has been entered, eight defendants have not yet been served, and the initial pretrial conference is not until December 17, 2026. Thus, an extension of the response deadline pending the Court's ruling on the threshold motions filed in this case will not disrupt the litigation schedule, prejudice Plaintiffs, or delay the pretrial conference. To the contrary, if the Motion to Compel Arbitration or Motion to Remand are granted, the parties and the Court will avoid the time and expense of briefing and adjudicating the merits of claims that belong in a different forum.

**CONCLUSION**

For the reasons set forth herein, and as further set forth in the Motion, the CPS Defendants respectfully request that the Court extend the time for the CPS Defendants to answer or otherwise respond to Plaintiffs' Amended Petition pending the resolution of Plaintiffs' Motion to Remand (ECF No. 5) and the CPS Defendants' Motion to Compel Arbitration (ECF No. 8).

Date: September 25, 2026

Respectfully submitted,

CONSUMER PORTFOLIO SERVICES, INC.
and MARGARITA CASTRO

By: /s/ Jeffrey D. Pilgrim
One of their attorneys

Jeffrey D. Pilgrim
Attorney-in-Charge
Illinois Bar No. 6270435
SDTX Fed. No. 3631518
Pilgrim Christakis LLP
One South Dearborn Street, Suite 1420
Chicago, Illinois 60603
Ph.(312) 939-0923
Fax (312) 939-0983
jpilgrim@pilgrimchristakis.com

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system and sent the same via electronic mail to the following:

Devan Xavier Plummer
Stacey Rochelle Vaughn
3315 Clover Trace Dr.
Spring, TX 77386
devanplummer1@gmail.com
staceyvaughn2@gmail.com

*Plaintiffs appearing pro se*

/s/ Jeffrey D. Pilgrim